IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Holly S. Turner,<br><br>             Plaintiff,<br><br>vs.<br><br>Campbell Transportation Company, Inc., A corporation, in it's own right; Campbell Transportation Company, Inc. as owner or owner pro-hac-vice of the Motor Vessels Renee Lynn and the Tom G and their fleet of barges.<br><br>             Defendant. | Civil Action No. 2:24-cv-216<br><br>Action under special rules for seamen to sue without security or prepayment of fees for the enforcement of the laws of the United States, Common and statutory, for the protection of the health and safety of seamen at sea, Title 28, U.S. Code §1916 |

## COMPLAINT

### COUNT I – UNSEAWORTHINESS

*Holly S. Turner  v.  Campbell Transportation Company, Inc.*

AND AS FOR A FIRST, SEPARATE AND DISTINCT CAUSE OF ACTION, PLAINTIFF ALLEGES:

AND NOW comes the Plaintiff, by her attorneys, THE MOSCHETTA LAW FIRM, P.C., and files this Complaint as follows:

1.      Jurisdiction arises and Plaintiff brings and maintains this action under the Jones Act, 46 U.S.C. §§30104, 30105, and 30106 (formerly 46 U.S.C. §688, 41 Stat. 1007 (1920)), and pursuant to the General Maritime Law, Article III, Section 2 of the Constitution of the United States, and §1916 of the Judicial Code, 28 U.S.C. §1916. This is an admiralty or maritime claim within the meaning of FED.R.CIV.P. 9(h).

2.      Plaintiff, **HOLLY S. TURNER**, is an adult individual who resides in Belmont County, OH; her post office address is 3910 Lincoln Avenue, Shadyside, OH  43947.

3.      Defendant, **CAMPBELL TRANSPORTATION COMPANY, INC.**, (hereinafter "CTC "), is a Pennsylvania corporation, having a principal office and place of business in Washington County, PA;  its post office address is 201 S. Johnson Road Foxpointe Centre, Suite 303, Houston, PA  15342.

4.      At all times relevant hereto, Defendant, Campbell Transportation Company, Inc., owned, operated, directed, controlled, managed and caused to be navigated, as well as to be outfitted, manned, and maintained, in commercial navigation on the navigable inland waters of the United States, including the Ohio River and it's tributaries, Motor Vessels (hereinafter "M/V), including the Motor Vessel, Renee Lynn (U.S. Coast Guard # 1240413), and tows of barges tied in therewith.

5.      At all times herein mentioned, the Defendant, Campbell Transportation Company, Inc. is the owner, owner pro hac vice and/or operator of the Motor Vessel Renee Lynn and attached barges.

6.      On March 19, 2021, Plaintiff was employed by Defendant, as a Seaman, and a member of the crew of the M/V Renee Lynn, acting within the course and scope of her employment as a deckhand with Defendant, CTC., in navigation on the Ohio River at or near Mile 110 (Powhatan Point).

7.      On that date, time and place, Plaintiff was peremptorily assigned to assist in unfacing a barge from the M/V Renee Lynn. And, while Plaintiff was in the process of removing the eye of a face line from the timber head on the barge, when suddenly and without warning the M/V Renee Lynn moved away, causing the face line to become taut which, in turn, caused her right hand to become crushed between the line and the timberhead.

8.      Due to the defective and unsafe condition created by the Pilot of the M/V Renee Lynn in causing, permitting and allowing the M/V Renee Lynn to unexpectanly move away from the barge, thereby pulling the slack from the face line causing Plaintiff's right hand to be caught and crushed between the eye of the face line (which was under tension) and the timberhead.

9.      As a result of this occurrence, Plaintiff-seaman was caused to be, and did sustain personal injuries, damages and impairment, including among others, as follows:

   a)      Skin abrasion over the dorsum of the right proximal fifth phalanx.

   b)      Crush injury to her right hand resulting in carpal tunnel syndrome requiring Carpal Tunnel Release

   c)      Post traumatic Stress Disorder; and

   d)      Generalized anxiety.

10.     As owner and operator of the M/V, Defendant, Campbell Transportation Company, Inc., owed to the Plaintiff-seaman an absolute and non-delegable duty to provide her with a safe place to work and furnish a safe, seaworthy vessel, appurtenances, equipment and personnel.

11.     Notwithstanding these duties and warranties, Defendant, Campbell Transportation Company, Inc. breached its above-mentioned duties by failing to provide Plaintiff with a safe place to work, seaworthy vessels, appurtenances, equipment and personnel by virtue of the conditions, defects and hazards existing on the M/V Renee Lynn as set forth above.

12.     The injuries and impairments sustained by the Plaintiff-seaman were proximately caused and/or substantially contributed to by the unseaworthiness of the M/V Renee Lynn and her attached barges as stated above.

13.     As a direct result of his injuries, Plaintiff-seaman suffered permanent impairments and has been otherwise damaged, including pain and suffering, past and future; loss of earnings and impairment of earning power, past and future; loss of enjoyments of life and well-being, past and future; and the cost of medical and hospital services, past and future.

## COUNT II – JONES ACT NEGLIGENCE

*Holly S. Turner  v.  Campbell Transportation Company, Inc.*

AND AS FOR A SECOND, SEPARATE AND DISTINCT CAUSE OF ACTION, PLAINTIFF ALLEGES:

14.     Paragraphs 1 through 13 are incorporated herein by reference.

15.     Under the Jones Act, Defendant, Campbell Transportation Company, Inc., owed a duty to the Plaintiff-seaman to provide him with a safe place to work and furnish safe, seaworthy vessel, appurtenances and personnel.

16.     Notwithstanding these duties, Campbell Transportation Company, Inc. was negligent in failing to provide Plaintiff with a safe place to work, seaworthy vessels, appurtenances and personnel by virtue of the conditions, defects and hazards existing on the M/V Renee Lynn as set forth above.

17.     The injuries and impairments sustained by Plaintiff-seaman were caused and contributed to, in whole or in part, by the negligence of Campbell Transportation Company, Inc., through its officers, supervisors, agents, servants and/or employees, masters and officers of the M/V Renee Lynn, acting within the scope of their respective employment, as set out above.

18.    As a direct result of his injuries, Plaintiff-seaman suffered permanent impairments and has been otherwise damaged, including pain and suffering, past and future; loss of earnings and impairment of earning power, past and future; loss of enjoyments of life and well-beings, past and future; and the cost of medical and hospital services, past and future.

## COUNT III – MAINTENANCE AND CURE

*Holly S. Turner  v.  Campbell Transportation Company, Inc.*

AND AS FOR A THIRD, SEPARATE AND DISTINCT CAUSE OF ACTION, PLAINTIFF ALLEGES:

19.    Paragraphs 1 through 18 are incorporated herein by reference.

20.    As a result of Plaintiff-seaman's injuries and impairments, he has been, and still is, entitled to adequate maintenance and cure and it has been the duty of the Defendant, Campbell Transportation Company, Inc., to furnish the same.

21.    To date, Defendant Campbell Transportation Company, Inc. has discharged [failed to completely discharge] its duty to provide maintenance and cure as required under the General Maritime Law.

22.    Plaintiff-seaman is entitled to a fair and reasonable rate of Maintenance of $75.00 per day, as well as the costs of future medical and/or surgical care and expenses.  And in addition, cost of future psychiatric/psychological care and treatment.

23.    Plaintiff is entitled to interest on any maintenance recovered in this action.

24.    Plaintiff is also entitled to an award of attorney's fees should the Court find that Defendant willfully failed to pay maintenance and cure.

WHEREFORE, Plaintiff-seaman, demands judgment against the Defendant, under Counts I through III above for an amount in excess of $75,000.00, plus interest and costs.

## COUNT IV– UNSEAWORTHINESS

*Holly S. Turner  v.  Campbell Transportation Company, Inc.*

25.    Paragraphs 1 through 24 are incorporated herein by reference.

26.    At all times, herein mentioned, the Defendant, Campbell Transportation Company, Inc. is the owner, owner *pro hac vice* and/or operator of the Motor Vessel Tom G (U.S. Coast Guard # 514508).

27.    At all times relevant hereto, Defendant, Campbell Transportation Company, Inc.,owned, operated, directed, controlled, managed and caused to be navigated, as well as to be outfitted, manned, and maintained, in commercial navigation on the navigable inland waters of the United States, including the Ohio River and its tributaries, motor-powered vessels, including the Motor Vessel  Tom G (hereinafter "M/V ), and tows of barges tied in therewith.

28.    On 8/2/2021, Plaintiff was a seaman and member of the crew of the M/V Tom G, acting within the course and scope of her employment as a deckhand with Defendant, CTC., in navigation on the Ohio River within the territorial boundaries of the Commonwealth of Pennsylvania at the Emsworth Lock and Dam located on the Ohio River in Allegheny County, Pennsylvania.

29.    On that date, time and place, Plaintiff was peremptorily ordered to go down into the line deck on the M/V Tom G to retrieve a bumper. In accordance with orders, Plaintiff-seaman opened the floor hatch trap door (hereinafter "trap door") and proceeded down the stairs leading into the Line Deck when she suffered injuries under the following circumstances:

- As Plaintiff was going down the stairs, the M/V bumped the lock wall or another vessel causing the unattached and unsecured trap door to fall striking the Plaintiff's hand. The Defendant negligently failed to properly and adequately equip and maintain the trap door with safety devices that would have prevented the door from falling shut.

30.     Due to the defective and unsafe condition of the trap door leading down into the line deck. The Plaintiff-seaman was caused to be, and did sustain personal injuries, damages and permanent impairment, including among others, as follows:

a) Partial amputation of the ulnar aspect of the tuft of the distal 5th phalanx;

b) Deep soft tissue wound of the distal 5th finger with a soft tissue laceration along the ulnar aspect of the finger;

c) Post Traumatic Stress Disorder; and

d) Generalized Anxiety Disorder.

31.     As owner and operator of the M/V Tom G, Defendant, Campbell Transportation Company, Inc., owed to the Plaintiff-seaman an absolute and non-delegable duty to provide her with a safe place to work and furnish a safe, seaworthy vessel, appurtenances, equipment and personnel.

32.     Notwithstanding these duties and warranties, Defendant, Campbell Transportation Company, Inc.breached its above-mentioned duties by failing to provide Plaintiff with a safe place to work, seaworthy vessels, appurtenances, equipment and personnel by virtue of the conditions, defects and hazards existing on the M/V Tom G as set forth above.

33.     The injuries and impairments sustained by the Plaintiff-seaman were proximately caused and/or substantially contributed to by the unseaworthiness of the M/V Tom G and her attached barges as stated above.

34.     As a direct result of his injuries, Plaintiff-seaman suffered permanent impairments and has been otherwise damaged, including pain and suffering, past and future; loss of earnings and impairment of earning power, past and future; loss of enjoyments of life and well-being, past and future; and the cost of medical and hospital services, past and future.

## COUNT V – JONES ACT NEGLIGENCE

*Holly S. Turner  v.  Campbell Transportation Company, Inc.*

AND AS FOR A SECOND, SEPARATE AND DISTINCT CAUSE OF ACTION, PLAINTIFF ALLEGES:

35.     Paragraphs 1 through 34 are incorporated herein by reference.

36.     Under the Jones Act, Defendant, Campbell Transportation Company, Inc., owed a duty to the Plaintiff-seaman to provide him with a safe place to work and furnish safe, seaworthy vessel, appurtenances and personnel.

37.     Notwithstanding these duties, Campbell Transportation Company, Inc. was negligent in failing to provide Plaintiff with a safe place to work, seaworthy vessels, appurtenances and personnel by virtue of the conditions, defects and hazards existing on the M/V Tom G as set forth above.

38.     The injuries and impairments sustained by Plaintiff-seaman were caused and contributed to, in whole or in part, by the negligence of Campbell Transportation Company, Inc., through its officers, supervisors, agents, servants and/or employees, masters and officers of the M/V Tom G, acting within the scope of their respective employment, as set out above.

39.     As a direct result of his injuries, Plaintiff-seaman suffered permanent impairments and has been otherwise damaged, including pain and suffering, past and future; loss of earnings and impairment of earning power, past and future; loss of enjoyments of life and well-beings, past and future; and the cost of medical and hospital services, past and future.

## COUNT VI – MAINTENANCE AND CURE

*Holly S. Turner  v.  Campbell Transportation Company, Inc.*

AND AS FOR A THIRD, SEPARATE AND DISTINCT CAUSE OF ACTION, PLAINTIFF ALLEGES:

40.     Paragraphs 1 through 39 are incorporated herein by reference.

41.     As a result of Plaintiff-seaman's injuries and impairments, he has been, and still is, entitled to adequate maintenance and cure and it has been the duty of the Defendant, Campbell Transportation Company, Inc., to furnish the same.

42.     To date, Defendant Campbell Transportation Company, Inc. has discharged [failed to completely discharge] its duty to provide maintenance and cure as required under the General Maritime Law.

43.     Plaintiff-seaman is entitled to a fair and reasonable rate of Maintenance of $75.00 per day, as well as the costs of future medical and/or surgical care and expenses.

44.     Plaintiff is entitled to interest on any maintenance recovered in this action.

45.     Plaintiff is also entitled to an award of attorney's fees should the Court find that Defendant willfully failed to pay maintenance and cure.

WHEREFORE, Plaintiff-seaman, Holly Turner, demands judgment against the Defendant, Campbell Transportation Company, Inc., for an amount in excess of $75,000.00, plus interest and costs under Counts IV through VI above for an amount in excess of $75,000.00, plus interest and costs.

Respectfully submitted,

THE MOSCHETTA LAW FIRM, P.C.
Court Square Building
28 West Cherry Avenue
Washington, PA  15301
P:  724.225.3060
F:  724.225.7311


By:   s/Joseph P. Moschetta
        Joseph P. Moschetta, Esquire
        PA ID No. 05480

By:   s/Stephen P. Moschetta
        Stephen P. Moschetta, Esquire
        PA ID No. 81495


**Attorneys for Plaintiff**