IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Holly Turner<br><br>        Plaintiff<br><br>  v.<br><br>Campbell Transportation Company, Inc., A corporation, in its own right; Campbell Transportation Company, Inc. as owner or owner pro-hac-vice of the Motor Vessels Renee Lynn and the Tom G and their fleet of barges.<br><br>        Defendant. | 2:24-cv-00216-WSH<br><br>W. Scott Hardy<br><br>Electronically Filed |

## PETITION FOR LEAVE TO COMPROMISE
## AND SETTLE CLAIMS OF PLAINTIFF SEAMAN

Plaintiff, Holly S. Turner, by his attorneys, THE MOSCHETTA LAW FIRM, P.C., and pursuant to Local Rule 17.2.C, respectfully moves the Court to approve the Compromise Settlement and dismiss and discontinue with prejudice the above-entitled action for the reasons hereinafter set forth:

    1.    On 2/20/2024, Holly S. Turner ("Turner") filed a Complaint against the above-captioned Defendants in the United States District Court for the Western District of Pennsylvania at 2:24-cv-00216-WSH, claiming damages under the Jones Act, 46 U.S.C. § 30104 *et seq.* and under the General Maritime Law of the United States for unseaworthiness, maintenance and cure.

    2.    Turner alleges that she sustained injuries on 3/19/2021, while employed as a deckhand by Campbell Transportation Company, Inc. aboard its Motor Vessel Renee Lynn (USCG # 1240413), and on 8/2/2021, while employed as a deckhand by Campbell Transportation Company, Inc., aboard its Motor Vessel Tom G (USCG# 514508) due to the negligence of

Defendants and unseaworthiness of said vessels.  The claims of Plaintiff are set forth more fully in the Complaint, and other pleadings filed of record in this action, which are incorporated herein by reference.

3. Campbell Transportation Company, Inc. contends, *inter alia*, that it was not negligent in any manner on 3/19/2021 and 8/2/2021 and that both the Motor Vessel Renee Lynn and Motor Vessel Tom G were seaworthy and that Turner was provided a safe place to work, as set forth more fully in its Answer and Affirmative Defenses, which are incorporated herein by reference.

4. Turner has alleged that because of the incidents on 3/19/2021 and 8/2/2021, she sustained an impairment injuries.

5. Following the 3/19/2021 incident, Turner was treated by and/or at Wheeling Hospital, Wheeling Corporate Health, and Wheeling Hospital Physical Therapy.  Attached hereto under **Exhibit 1a** are excerpts from the medical records and/or reports of these providers.

6. In connection to the incident on 3/19/2021, Turner was cleared to return to work without restriction on 3/20/2021.  Turner did return to work as a deckhand with Campbell Transportation Company, Inc. and worked until 6/14/2021.  Turner was off work from 6/14/2021 until 7/5/2021 to complete physical therapy. Turner did return to work without restriction with Campbell Transportation Company, Inc. on 7/5/2021.

7. In connection with the incident of 3/19/2021, Campbell Transportation Company, Inc. has fully met its obligations as to maintenance and cure.

8. In connection with the incident of 3/19/2021, Campbell Transportation Company, Inc. has paid or caused to be paid all of Turner's medical expenses that she claims are related to the 3/19/2021 incident.  Campbell Transportation Company, Inc. also made bi-monthly

maintenance payments to Plaintiff Turner for the period she was off work for the 3/19/2021 incident, being 6/14/2021 to 7/5/2021.  The total maintenance, cure, and expenses paid by Campbell Transportation Company, Inc., to or for the benefit of Turner are outlined in the Proposed Settlement Distribution Sheet attached hereto as **Exhibit 2.**

9. Following the 8/2/2021 incident, Turner was treated by and/or at Allegheny General Hospital, UPMC Presbyterian, Wheeling Hospital, Wheeling Corporate Health, Dr. Peter Tang, Dr. Robert Goitz, and Jimmy Pickett.  Attached hereto under **Exhibit 1b** are excerpts from the medical records and/or reports of these providers.  Turner was cleared to return to work from the 8/2/2021 incident, but did not return to work with Campbell Transportation Company, Inc. and voluntarily resigned on 9/27/2021.

10. In connection with the incident of 8/2/2021, Campbell Transportation Company, Inc. has fully met its obligations as to Maintenance and cure.

11. In connection with the incident of 8/2/2021, Campbell Transportation Company, Inc. has paid or caused to be paid all of Turner's medical expenses that she claims are related to the 8/2/2021 incident.  Campbell Transportation Company, Inc. also made bi-monthly maintenance payments to Plaintiff Turner for the period she was off work for the 8/2/2021 incident, being 8/2/2021 until her resignation on 9/27/2021.  The total maintenance, cure, and expenses paid by Campbell Transportation Company, Inc. to or for the benefit of Turner are outlined in the Proposed Settlement Distribution Sheet attached hereto as **Exhibit 2.**

12. Turner retained Joseph P. Moschetta and Stephen P. Moschetta of The Moschetta Law Firm, P.C. to represent her interests and to collect such damages as would be due as a result of said injuries sustained on 3/19/2021 and 8/2/2021.

13. Pursuant to their responsibilities, counsel for the Plaintiff investigated the facts surrounding the 3/19/2021 incident and the 8/2/2021 incident; conducted inspections; researched the law applicable law; conducted correspondence; obtained hospital records and medical reports; prepared a Complaint filed at 2:24-cv-00216-WSH; prepared and served Rule 26 Initial Disclosures; reviewed and analyzed Defendant's Rule 26 Initial Disclosures; propounded and responded to extensive written discovery; participated in a Rule 26 conference with opposing counsel and in a court-mandated case management conference; conferred with and retained expert seamen regarding this incident (Captain J.B. Good) as well as medical and life care planner (Varsha Desai, BSN, RN, CNLCP, LNCC); conferred with and retained medical experts and reports regarding Plaintiff's condition and prognosis from Dr. Dean Sotereanos, Michael Crabtree, Ph.D., and Jimmy Pickett; and attended a Mediation and negotiated at length with the Defendants. The expert reports obtained by Plaintiff's counsel are collectively attached hereto as **Exhibit 3** which contain the medical report of Dr. Sotereanos and Dr. Crabtree, as well as the life care planner report of Varsha Desai. The costs, expenses, and invoices associated with Plaintiff's counsel's retention of experts Captain J.B. Good, Jimmy Pickett, Dr. Sotereanos, Dr. Crabtree, and Varsha Desai, are attached hereto as **Exhibit 4**.

14. Campbell Transportation Company, Inc. has denied any liability to Turner with respect to the events that took place on 3/19/21, 8/2/21, or both, including but not limited to:

    a. Liability for the events that took place on or about 3/19/2021;

    b. Liability for the events that took place on or about 8/2/2021;

    c. Liability under the Jones Act, for unseaworthiness, and for maintenance and cure;

    d. Responsibility for any medical treatment for the events of 3/19/2021, including, but not limited to, the treatment described above;

  e. Responsibility for any medical treatment for the events of 8/2/2021, including but not limited to the treatment described above; and

  f. Responsibility for the consequences of any medical treatment and any other type of care, including, but not limited to, surgeries and physical therapies.

15. Campbell Transportation Company, Inc. has advised Turner that, should this case proceed to trial, it will vigorously contest all of her claims for liability and damages.

16. On 9/9/2024, the parties participated in a private mediation with Judge Lisa P. Lenihan.  At the 9/9/2024 mediation, counsel for Turner negotiated with representatives of Campbell Transportation Company, Inc. and obtained a settlement offer that includes the following:

  a) Lump sum cash payment to Turner over and above all maintenance, cure, reimbursement and supplemental payments made by Campbell Transportation Company, Inc. to or on behalf of Turner to date.

17. Turner represents to this Court that there are no known liens against this proposed settlement.

18. Turner represents that in reaching this agreement, the parties have considered Medicare's interest and concluded that there is no need for a Medicare set-aside because:

  a) Turner is not currently, nor has she ever been, a Medicare beneficiary;

  b) Medicare has not made any conditional payments for any medical expense or prescription expense related to the events of 3/19/2021;

  c) All expenses alleged to have been incurred to date by Turner for medical treatment as the result of the events of 3/19/2021 and 8/2/2021 incidents have been or will be paid by Campbell Transportation Company, Inc. pursuant to its cure obligation;

  d) Turner does not receive Social Security Disability benefits;

  e) Turner will not be eligible to receive Medicare benefits within the next 30 months.

19. For the consideration set forth in Paragraph 15 above, Turner - with consent of Campbell Transportation Company, Inc. - requests that all claims of Turner known or which reasonably should have been known against Campbell Transportation Company, Inc. and/or any of its vessels, including but not limited to those arising from the said incident of 3/19/2021 and 8/2/2021, be fully and finally compromised upon the following terms and conditions:

a) Turner shall relinquish all rights and claims, known or which reasonably should have been known, be they *in personam* or *in rem* against Campbell Transportation Company, Inc., its agents, employees, officers, predecessors, successors, attorneys, insurers, parent companies, affiliated companies and/or any tow boats, barges, vessels and other craft owned, manned or operated by or under charter to any of those individuals or entities at any time, including but not limited to the M/V Renee Lynn and the M/V Tom G, and those rights and claims arising out of or in any way related to the incident of 3/19/2021 and 8/2/2021 which forms the basis of this lawsuit, including future developments thereof;

b) Turner shall relinquish any and all claims against Campbell Transportation Company, Inc. for past, present, and future maintenance;

c) Turner shall relinquish any claims against Campbell Transportation Company, Inc. for cure (medical treatment) including but not limited to invoices for physical, psychological, psychiatric, physical therapy, nursing, and hospital care and for medications caused by, arising out of, or in any way connected with any injuries sustained on 3/19/2021, 8/2/2021, and while employed by Campbell Transportation Company, Inc., after the date the Court approves this settlement. Turner agrees and understands that neither Campbell Transportation Company, Inc. nor any of its vessels, its subsidiaries, parents, or insurers shall have any responsibility for her medical care after the date this Court approves the proposed settlement and that she (Turner) is solely responsible for the payment of any and all future medical expenses and hospitalization premiums he may incur after the date this Court approves the proposed settlement, whether related to the injuries and disabilities set forth above or not;

d) Turner shall acknowledge that Campbell Transportation Company, Inc. has made payments to or on her behalf for maintenance and cure. Turner understands that he shall receive maintenance through the date this settlement petition is approved by this Court and that after this settlement petition is approved by this Court he shall not receive any further maintenance from Campbell Transportation Company, Inc.;

      e)      Turner shall execute a Release in the form attached as **Exhibit 5**, to be approved by this Honorable Court; and

      f)      Turner shall further agree that this compromise and settlement is made upon the basis that all terms thereof are contained as herein set forth and that this compromise and settlement is made and approved based on Turner's consideration and understanding of the premises and not upon any representation made by Defendants herein or their counsel.

20.    Turner recognizes that this settlement is in full compromise of doubtful and disputed claims, both as to the question of liability of Defendants and as to the nature, extent and permanency of her injuries and damages, and the payment herein is not to be construed as an admission of liability by Defendants or by any of the other persons released as a part of this settlement.

21.    From the gross settlement proceeds, Plaintiff has elected to place a portion of the settlement funds in an escrow account for future medical expenses, as set forth in the Escrow Agreement executed by the parties and attached here to as **Exhibit 6**.

22.    Turner and her counsel, Joseph P. Moschetta, have agreed upon a proposed distribution of the remaining settlement proceeds, which Turner believes is fair and reasonable. A summary of the Proposed Settlement Distribution, including counsel for Plaintiff's requested total fees and statement of un-reimbursed litigation expenses, are fully set forth for review and approval by this Honorable Court in Exhibit 2**.**

23.    Turner understands and approves as fair and reasonable the proposed settlement distribution as set forth in Exhibit 2. Turner understands that if this Petition and request for fees/costs is approved, she will receive the lump sum set forth in Exhibit 2, which reflects deduction for attorney's fees, costs, and funding of the escrow account in the amount for her future medical treatment as a result of the alleged work injuries.

24. The proposed settlement, if approved, will fully discharge Campbell Transportation Company, Inc. or its obligations to Turner arising from or related to her employment with Campbell pursuant to the terms of the Release of All Rights.

25. Turner believes that the terms of the settlement with Campbell Transportation Company, Inc. as set forth in the Release of All Rights are fair and reasonable. Turner hereby requests that this Court approve the parties' settlement, the terms of the settlement, and Turner's execution of the Release of All Rights.

The aforementioned settlement has been fully explained to the undersigned and she fully understands and approves the same.

Date: 11-8-2024

Holly S. Turner

Dated: 11-11-24

Joseph P. Moschetta, Esq.
PA ID No. 05480
THE MOSCHETTA LAW FIRM, P.C.
Court Square Building
28 West Cherry Avenue
Washington, PA 15301
(724) 225-3060
**Attorney for Plaintiff**

APPROVED AND CONSENTED TO:

Date: 1/7/2025

Dennis A. Watson, Esq.
Devon Ferris, Esq.,
Dickie, McCamey & Chilcote, P.C.
Two PPG Place, Suite 400
Pittsburgh, PA 15222-5402
(412) 392-5487